## MARCY *against* CRAWFORD:

### IN ERROR.

Where it was agreed between *A* and *B*, that if *C* would enter upon the land of *D* and fish in *D's* mill-pond, and *C* should be prosecuted therefor by *D*, *B* would pay *A* one half of the amount which *D* should recover, and one half of the expenses of defending the suit ; *C* did the acts specified ; and *D* sued him in trespass therefor, and recovered judgment, the amount of which was paid by *A*, together with the expenses of defending the suit ; in an action brought by *A* against *B*, for one half of such disbursements, it was held, 1. that the undertaking of *B* was an original one, and not within the statute of frauds and perjuries ; 2. that it was not invalid, as being made in consideration of the commission of an illegal act, the object of the parties being, not to commit a trespass, but to vindicate a claim of right ; 3. that notice to *B* of the judgment against *C* and of *A's* disbursements, was not necessary.

THIS was an action of *assumpsit* for work and labour performed and services rendered ; also for money paid, laid out

*Windham,*
*July, 1844.*

Marcy
*v.*
Crawford.

and expended, by the defendant, for the plaintiff, and at his request; brought originally, by *Charles Crawford* against *Leonard Marcy*, before a justice of the peace, and appealed to the county court; in which the cause was tried, *March* term, 1843.

On the trial, the plaintiff claimed and offered evidence to prove, that *John Crawford* had commenced and prosecuted to final judgment against *Samuel P. Crawford*, an action of trespass for unlawfully entering upon the land of the plaintiff in that suit, for the purpose of fishing in his mill-pond; and that the plaintiff in the present suit had paid the amount of such judgment, and the expenses of defending against the suit. The plaintiff also offered testimony to prove, that prior to the commission of said trespass and the commencement of said suit, the defendant had agreed with the plaintiff, that if *Samuel P. Crawford* would enter upon said land and fish in said mill-pond, and should be prosecuted therefor, by *John Crawford*, (who had forbidden such entry and fishing,) he, the defendant, would pay the plaintiff one half of the amount which *John Crawford* should recover, and also one half of the expenses of defending the suit; there being a corresponding contract on the part of the plaintiff, in case the defendant should enter and fish, and be subjected for so doing. But the plaintiff did not claim, that he had given the defendant any special notice of the rendering of said judgment, or of the amount thereof, or of the plaintiff's expenses in defending against said suit; nor was there any claim that the undertaking of the defendant was in writing.

The defendant prayed the court to instruct the jury, that his undertaking to pay one half of the expenses incurred by committing said trespass, and defending against said suit therefor, was an illegal promise, and was not a valid or binding contract; that such promise, if lawful, was not binding upon the defendant, by reason of the provisions of the statute of frauds and perjuries; and that if such promise were binding upon the defendant, he was not liable in this suit upon it, without previous special notice of said judgment, and of the expense in defending against said suit, and of the amount of the plaintiff's disbursements. The defendant also offered evidence to prove, that if any such undertaking or promise was entered into by him, it was made when the title to said

land was not in *John Crawford*, but in one *Taft*; that such title was, by said *Taft*, afterwards, and prior to the commission of said trespass, conveyed to *John Crawford*; and that the defendant knew of such transfer, and that *John Crawford* had acquired such title; and the defendant prayed the court to instruct the jury, that if the facts were so, the plaintiff could not recover.

The court instructed the jury, that if said trespass was committed under a claim, made by the plaintiff and defendant, of a right in them to fish in said mill-pond, the undertaking of the defendant, as claimed by the plaintiff, was a valid and binding contract; that it was not required to be in writing; and that no special notice was required from the plaintiff to the defendant, as to said judgment, and the amount of the recovery, and of the expenses in defending against said suit; and that, if the defendant had made such promise, prior to the commission of said trespass, the plaintiff was entitled to recover, as claimed by him.

The jury returned a verdict for the plaintiff, which the court accepted, and rendered final judgment thereon. The defendant thereupon brought a writ of error in the superior court, assigning for error, 1. That the county court did not instruct the jury, that the alleged promise was an illegal one, and not binding: 2. That the court instructed the jury, that such promise was valid and binding upon the defendant, notwithstanding the statute of frauds and perjuries: 3. That the court instructed the jury, that special notice of the judgment, &c. was not necessary: 4. That the court omitted to charge the jury as requested by the defendant, relative to the title of the land, the transfer thereof and the defendant's knowledge. The superior court affirmed the judgment of the county court; and thereupon the original defendant, by motion in error, brought the record before this court for revision.

*Strong,* for the plaintiff in error, contended, 1. That the promise in question, being made in consideration that *Samuel P. Crawford* would commit a trespass—an illegal act—was invalid. *Bul. N. P.* 146. 1 *Sw. Dig.* 210. There is no difference in principle between hiring a man to beat another's person and to trespass on his lands: both are unlawful acts. A promise to indemnify against a *wrong done,* is good; for

*Windham,*
*July, 1844.*

*Marcy*
*v.*
*Crawford.*

this does not encourage unlawful acts. *Kneeland* v. *Rogers,* 2 *Hall,* 579. *Hacket* v. *Tilly,* 11 *Mod.* 93. *Doty* v. *Wilson,* 14 *Johns. R.* 378. *Given* v. *Driggs,* 1 *Caines,* 450. But it is otherwise as to wrongs *to be done.*

The qualification in the charge, *viz.* that the act was done under a claim of right, does not help the matter. There is nothing to warrant that qualification in the case ; no claim on which it could be made. There was no evidence to show that the act was done under a claim of right. If the court may charge upon a *hypothetical* state of facts, a party can never get his case revised.

2. That this was a promise to answer for the miscarriage or default of another, within the statute of frauds and perjuries.

3. That the defendant was entitled to special notice ; the facts being peculiarly within the knowledge of the plaintiff.

*Stoddard,* for the defendant in error, contended, 1. That the arrangement between the parties, was valid and binding. The jury must have found, that the fishing was under a claim of right. The object was, to try the strength of that claim, and not to have a trespass committed. It does not appear, that the act to be done was *known* to be a trespass. An officer, who takes the property of *A,* on a process against *B,* commits a trespass ; but, in such case, a previous promise of indemnity by the creditor, is good.

2. That the agreement in question, was not within the statute of frauds. Here was no subsisting debt against *Samuel P. Crawford,* or any one else. The undertaking was an *original* one. *Leonard* v. *Vredenburgh,* 8 *Johns. R.* 23. 31. (2d ed.) *Skelton* v. *Brewster, Id.* 293.

3. That no notice in this case, was necessary. The defendant had as good means of information regarding the matters in question, as the plaintiff ; and he was bound to take notice of them. At any rate, he could inform himself of them, without notice from the plaintiff ; which is sufficient. *Lent* v. *Paddleford,* 10 *Mass. R.* 230. 238, 9. *Ward* v. *Henry,* 5 *Conn. R.* 596. *Hammond* v. *Gilmore's* admr. 14 *Conn. R.* 480. 486. 16 *Vin. Abr. tit.* Notice. *p.* 5. *pl.* 10. *The King* v. *Holland,* 5 *Term R.* 607. 621. 1 *Sw. Dig.* 697.

HINMAN, J. The fourth and last cause assigned for error, has not been insisted upon in the argument; and the only notice it is necessary to take of it, is, to say, that the record shows no facts from which this claim, as made in the writ of error, can arise in the case. It does not appear from the bill of exceptions, what the charge of the county court was upon this claim; nor does it appear, that the court was requested to charge the jury upon it. In the absence, then, of any evidence of this sort, the presumption is, that if the court gave any instructions to the jury upon the subject, it charged them correctly.

The second cause of error assigned in the writ, may also be disposed of, in a few words.

The promise of the defendant to pay one half of the damages, which might be recovered against *Samuel P. Crawford,* for fishing in the mill-pond, and one half of the expenses of defending against such a suit as might be brought against him for such fishing, was in no sense a promise to answer for the debt or default of *Samuel P. Crawford;* but was an original undertaking, and of course, not within the statute of frauds and perjuries. It could not be for the debt of *S. P. Crawford;* for he owed none. It was not for his default; but was rather a promise of indemnity, to a certain extent, for doing a particular act, like the promise of indemnity to an officer for taking property, which it may be doubted whether the creditor can hold.

Then as to the first error assigned, that the county court did not instruct the jury, that the promise claimed to be proved by the plaintiff, was an illegal promise, because, as the defendant insisted, it was a promise made in consideration of the commission of an illegal act. Now, there can be no doubt, that the law will not enforce a contract to commit an illegal act. A promise to commit a battery, to pull down another's house, or to commit any such wilful trespass to another, is illegal and void. But, merely because an act proves to be a trespass, which was not originally supposed to be so, will not render a promise of indemnity for the commission of it, void. Promises of indemnity to officers to induce them to execute process, by taking property, where the title to it is disputed, are very common, and their legality has been often recognized. *Wright* & al. v. Lord *Verney,* 3 *Doug.*

*Windham,*
July, 1844.

Marcy
*v.*
Crawford.

240. (26 *E. C. L.* 94.) *Marsh* v. *Gold* & al. 2 *Pick.* 284. *Train* v. *Gold,* 5 *Pick.* 380.

And in the case of *Stone* v. *Hooker,* 9 *Cow.* 154. it was held, that a promise to indemnify against a trespass, is valid, unless it be shown that the promisee knew the act to be a trespass. And in *Avery* v. *Halsey,* 14 *Pick.* 174. where two persons were claiming title to personal property, and one of them called a third person to assist him in removing it; a promise of indemnity to the assistant was held to be valid, although the title of his employer turned out to be invalid.

The question then, is, not whether the act turns out to be a trespass, but whether the parties knew it was a trespass, and contemplated it as such; or whether they contemplated the commission of an act, which they supposed they had a right to do, and did it under such claim of right.

Now, it certainly is consistent with every fact stated in the bill of exceptions, that the agreement of the parties was made under a claim of right to fish in the pond; and that their object was, to lay the foundation to try their right. Nor is there any fact stated, which tends to show, that they contemplated the act of fishing as a trespass. There are not, therefore, any facts shown, which would have authorized the court, in instructing the jury, that the promise claimed to be proved, was illegal.

But again, the instruction given to the jury, shows, that the fishing must have been under a claim of right. The court say to the jury, " that if said trespass was committed under a claim made by the plaintiff and defendant of a right in them to fish in the said mill-pond; said contract or undertaking of the defendant, as claimed by the plaintiff, was a valid and binding contract." The court do not in terms charge the jury in conformity to the defendant's claim. But the jury, under this instruction, must have found, that the fishing was done under a claim of right. They must have understood from this language, that it was necessary for them to find such to have been the claims of the parties, in entering into this contract, in order to render a verdict for the plaintiff. We think, therefore, that there was no error in this part of the charge of the county court.

Another error assigned, is, that the court instructed the jury, that the plaintiff might recover, without proving previous

notice to the defendant of the judgment rendered against *Samuel P. Crawford*, and of the expenses of defending against the suit on which said judgment was rendered.

In this too, we think there was no error. The general rule on this subject, is correctly stated, by *Bristol*, J., in the case of *Ward* v. *Henry*, 5 *Conn. R.* 600. " that if the obligation of the defendant depends on the performance of an act by the plaintiff to a third person, or by a third person to the plaintiff, the plaintiff's right of action is complete, whenever the act is done ; and it is unnecessary either to allege or prove notice of the act on which the obligation is to arise. In such cases, the matter on which the defendant's obligation is to arise, is not regarded as lying more properly in the knowledge of the plaintiff than of the defendant." It has accordingly been held, that a co-surety, who has paid money, may bring an action for contribution, without alleging or proving any previous notice of the payment to the defendant, or any demand on him for his share. *Chaffee* v. *Jones*, 19 *Pick.* 260. The parties in the case under consideration, stand, in relation to each other, very like co-sureties ; and we do not see, why the same principle that was applied in the case cited, should not be applied to this case.

Upon the whole, then, we think, that was no error in the proceedings of the county court ; and of course, there can be none in the judgment of the superior court affirming them.

In this opinion the other Judges concurred.

Judgment affirmed.