## McCoy v. Cornell, Ward & Comings.

1. **Execution**: EXEMPTION: EARNINGS. The earnings of a debtor which are exempt from execution, include as well the earnings of professional men as of mechanics and laborers.

2. ———: ———: NOTICE TO OFFICER. Section 3055 of the Code does not require the debtor to give notice of his claim of exemption to the sheriff.

3. **Pleading**: PRACTICE IN THE SUPREME COURT. An objection to the sufficiency of a petition cannot first be urged in the Supreme Court.

4. **Damages**: MEASURE OF: REPLEVIN. The measure of damages in an action of replevin for a county warrant is legal interest thereon for the time of the unlawful detention.

*Appeal from Kossuth District Court.*

TUESDAY, APRIL 27.

This is an action of replevin for a county warrant, which the plaintiff alleges to be his property, and wrongfully detained from him by the defendants. On a trial by the court, the plaintiff recovered a money judgment for $69.50, and costs, from which defendants appeal. The further facts of the case appear in the opinion.

*George E. Clarke*, for appellants.

*M. Robbins, Jr.*, for appellee.

MILLER, CH. J.—This cause was tried by the court below, without a jury, and submitted on the following "agreed statement of facts:"

"1. That at the February term, 1873, of the District Court of Kossuth county, Iowa, the defendants obtained a judgment against H. C. McCoy et al., for $334, and costs; that on the 11th day of March, 1874, there being then due on said judgment, the sum of $259, and interest, execution issued from the office of the clerk of said court therefor, and the same being placed in the hands of J. M. Pinkerton, sheriff of Kossuth county, Iowa, he, by direction of Cornell, Ward & Com-

ings, garnished the Auditor of Kossuth county, who there-upon turned over to said sheriff the warrant in controversy, the sheriff in turn passing the same to the defendants, and taking their receipt for the face of the warrant, and applying the same on said judgment.

2. That the defendants have duly credited the plaintiff with the amount of said warrant on said judgment.

3. That no written notice was ever served on the sheriff or defendants of plaintiff's claimed exemption of said warrant from execution.

4. That said H. C. McCoy is a practicing physician, and said warrant was granted him in payment of professional services as a physician, said services being by him personally performed. .

5. That the warrant levied on was drawn by the county auditor without the knowledge or consent of plaintiff, and was for his earnings, for his personal services within ninety days next preceding the levy."

I. The question here presented is whether the earnings of the plaintiff as a physician, for his personal services within ninety days next preceding the levy of the execution, were exempt therefrom.

The Code, section 3074, and the Revision, section 3307, provide that the "earnings of such debtor for his personal 1. EXECUTION: services, or those of his family, at any time within exemption: earnings. ninety days next preceding the levy, are also exempt from execution and attachment."

It is admitted that the money in controversy is part of the "earnings of the debtor for his personal services," rendered or accrued within ninety days next preceding the levy. The admitted facts bring the case clearly within the language of the statute.

But it is claimed that the statute does not include physicians or other professional men. There is no foundation for this view. The statute makes no destinction between professional men, mechanics or common laborers. It extends the exemption to the *earnings of the debtor for his personal services*, or those of his family accrued within ninety days prior to the

levy, whether the debtor be a physician or lawyer, a mechanic, a clerk or a common laborer.

II. It is further urged, however, that under section 3055 of-the Code, it was necessary for the plaintiff, to give notice to the sheriff that he claimed the warrant as exempt, and that failing to do so the sheriff had the lawful right to levy thereon. That section has no application to a case of this kind. By it the officer is directed to levy an exe-, cution on personal property in the possession of the defendant, or on that he has reason to believe belongs to him, or on which the plaintiff directs him to levy unless he has received "*notice in writing from some other person*, his agent or attorney that such property belongs to him."

*2. ——: ——: notice to officer.*

III. It is again urged that as the petition does not allege nor the proof show the plaintiff to be a married man or the head of a family, he cannot claim the benefit of the exemption statute. The insufficiency of the petition cannot be urged for the first time in this court. No objection was made to it, nor was this objection made in the court below, and it is perfectly evident that the. only question submitted on the trial was whether the personal earnings of a *physician*, otherwise coming within the statute were entitled to exemption.

*3. PLEADING: practice in the Supreme Court.*

The warrant claimed by plaintiff is alleged by him to have been for the sum of fifty dollars, the amount of his claim against the county as alleged in his petition. The warrant was issued on the 11th day of March, 1874, and delivered to the sheriff, and by him turned over to the defendants. The cause was tried April 9th, 1874, suit having been commenced March 26th, 1874. The judgment rendered by the court is for $69.50, which is $19.50 more than the face of the warrant. The proper measure of damages recoverable for the wrongful detention of the warrant is legal interest thereon from the time of the levy. The judgment therefore is for too much, and will be modified to the proper amount, and as modified will be

*4. DAMAGES. measure of: replevin.*

AFFIRMED.