## GRAW v. MANNING & EPPERSON ET AL.

54 719
e127 715

1. **Exemption:** STARTING TO LEAVE THE STATE: WHAT CONSTITUTES. Where a debtor who was the head of a family had declared his purpose to remove out of the State, and had prepared his wagon to receive his household effects, a part of which he had boxed and removed from the house, it was held that such acts constituted a starting to leave the State, such as would render his team, and other property otherwise exempt, subject to attachment under section 3076 of the Code. ADAMS, Ch. J., and ROTHROCK, J., *dissenting*.

### *Appeal from Monroe Circuit Court.*

#### SATURDAY, OCTOBER 23.

THIS is an action of replevin to recover possession of a team, wagon and harness, levied upon by the defendants to satisfy a judgment recovered against the plaintiff. The plaintiff claims that the property is exempt from execution. The cause was tried to the court, and a finding of facts was submitted, which, so far as material to the present controversy, is as follows: "That the plaintiff, on the 21st day of August, 1879, was the absolute owner in fee of the property described in the petition; that said plaintiff was a married man, and the head of a family, and resided in this State, and that he was a teamster and farmer, and the above wagon, harness and horses constituted his team with which he habitually earned his living, and that he had no other team; that upon the 21st

day of August, 1879, the defendants Manning & Epperson, by F. M. Epperson, a member of said firm, caused a writ of attachment to be issued out of the office of Chas. Meeker, a justice of the peace of Monroe county, Iowa, against the property of plaintiff, in the cause instituted· by them against plaintiff, and that in said cause a judgment was obtained against defendant in their favor on the — day of ————, 1879, for the sum of —— dollars; that said Manning & Epperson, by F. M. Epperson, were present, and ordered and directed the constable, George H. Myers, who had said writ of attachment for service, to levy the writ upon the property in question, which he accordingly did on the day and date aforesaid; that the plaintiff had his wagon close to the house with hay in the bottom of the bed, ready to be loaded with goods; that a part of the goods were in boxes, which were out of the house, and which were returned to the house after levy was made; that the horses were not hitched to the wagon; that the house indicated a state of preparation for removing; that the plaintiff stated to defendant that he intended· to remove out of the State, and the condition of things about the house indicated that they were about to remove out of the same, and were preparing to do so.

"But the court finds that the plaintiff had not started to leave the State, but was only making preparations to remove. The court further finds that the plaintiff made such declarations as to his destination being out of the State to ·defendants and others as would bind him in the event he had started, and that they acted upon such declarations with reference to his destination, and that he would be estopped thereby from denying that his destination was other than out of the State. The court holds, as a matter of law, that the property in question was exempt to plaintiff until he had started to leave the State, and that the foregoing facts do not constitute a starting within the meaning of the law." Judgment was rendered against the defendants in accordance with the above findings. The defendants appeal.

*Perry & Townsend* and *R. W. Boyd*, for appellants.

*Fast & Campbell* and *H. L. Dashiell*, for appellee.

DAY, J.—Section 3076 of the Code provides: "Where the debtor, if the head of a family, has started to leave this State, he shall have exempt only the ordinary wearing apparel of himself and family, and such other property in addition as he may select, in all not exceeding seventy-five dollars in value."

*1. EXEMPTION: starting to leave the state: what constitutes.*

The question involved in this case is whether the defendant, under the facts found by the court, had started to leave the State, as contemplated in this statute. The court finds that the plaintiff had his wagon close to the house ready to be loaded with goods; that a part of the goods were in boxes out of the house; that the house indicated a state of preparation for removing, and. that the plaintiff made such declarations as to his destination being out of the State as would bind him in the event he had started. It is evident that the court was of opinion that to constitute a starting to leave the State it was necessary that the plaintiff should actually have set out upon the journey. If he had caused but one revolution of the wheels of his wagon, it is probable that the court would have held he had started to leave the State. The word *start*, however, is not limited to setting out upon a journey or a race; it means, as well, the commencement of an enterprise or an undertaking. It is perhaps not possible to define, in such a manner as to be applicable to all cases, what shall constitute a starting to leave the State. Each case must depend upon its peculiar circumstances. The plaintiff in this case had avowed his purpose to remove from the State. In consummation of this purpose he had placed his wagon in a position for loading, had boxed some of his goods and removed them from his house, and had placed his house in a condition indicating an intention to remove. The actual carrying out of his goods had been commenced under cir-

Graw v. Manning & Epperson.

cumstances indicating an intention to depart as soon as it could be completed. In addition to these facts, he had declared his purpose to be to leave the State. Under these circumstances we think that plaintiff had commenced the undertaking of leaving the State, or, in other words, that he had started to leave the State as contemplated and provided in the statute. The court erred in holding the property exempt from attachment.

REVERSED.

ADAMS, CH. J., *dissenting*. The court below found that the plaintiff had not started to leave the State. This is a finding of fact, and we are bound by it unless there are other findings, necessarily inconsistent with it, and less in the nature of a conclusion. The majority hold that there are.

It appears that the plaintiff did certain acts with the view of leaving the State; but I think that this was not starting to leave. If mere preparation to leave is starting to leave, then the purchase of horses or an outfit, or the winding up of one's business with the view of leaving, is starting to leave. I think that there is a well defined, and easily recognized, distinction between preparing to leave the State, and starting to leave. The preparation may continue for months before starting.

It may be thought that where a debtor commences removing exempt property out of the State, it ought to cease to be exempt. But the statute does not so provide. Even if it did, such fact would not aid the defendants. The property in question consisted of horses, harnesses and wagon. They had not been moved. The only property moved was household goods, and defendants make no claim to them.

Mr. Justice ROTHROCK concurs in this dissent.