## PARSONS v. THOMAS.

1. **Execution:** NOTICE TO SHERIFF OF OWNERSHIP: STATUTE CONSTRUED. Section 3055 of the Code applies to persons other than the execution defendant, and does not require him to notify the sheriff that property levied upon belongs to him, before he can maintain an action to recover the property as being exempt from execution

2. **Evidence:** UNAUTHORIZED ACTS AND DECLARATIONS. Evidence of the acts and declarations of a party not first shown to have been authorized to act and speak for the plaintiff, cannot be admitted against him.

3. **Instructions:** REPETITION NOT REQUIRED. It is not error to refuse to give instructions asked, which are fully covered by other instructions given by the court on its own motion.

*Appeal from Adams District Court.*

SATURDAY, DECEMBER 8.

THIS is an action of replevin for two horses and one set of double harness, levied upon by the defendant, as sheriff, under an execution against the plaintiff, and which the plaintiff now claims were exempt from execution, as the team and harness with which he habitually earned his living as a farmer. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.

*R. A. Moore,* for appellant.

*W. O. Mitchell,* for appellee.

DAY, CH. J.—I. The petition does not allege that, before commencing the action, the plaintiff served upon the officer a notice in writing of his claim to the property. The defendant demurred to the petition upon this ground, and the court overruled the demurrer. The defendant thereupon filed an answer, alleging that the plaintiff never at any time gave him written notice of his claim to the property, or that he claimed it as exempt, prior to the commencement of this action. On

motion of plaintiff, this averment was stricken from the
answer as irrelevant and immaterial, and constituting no de-
fense.   Upon the trial the defendant was introduced as a wit-
ness, and was asked to state if, prior to the bringing of
this suit, plaintiff had notified him in writing that he
claimed this team as exempt, or that he claimed it in any
way.   The question was objected to, and the objection was
sustained.   The defendant also requested the court to in-
struct the jury that, if plaintiff never notified the sheriff
or his deputy, in writing, that he claimed the property as
exempt from execution before the beginning of this suit,
they should find for defendant.   The court refused to give
this instruction.   Appellant complains of these several rul-
ings, and insists that the defendant was entitled to notice of
the plaintiff's claim to the property before the commence-
ment of the suit, under section 3055 of the Code.   Section
3055 of the Code applies to a case where some other person
notifies the sheriff that the property belongs to him, and not
to a case where the execution defendant claims that the prop-
erty is exempt from execution.   See *McCoy v. Cornell*, 40
Iowa, 457.

II.   It is insisted that the court erred in not admitting
evidence of what the plaintiff's son, twenty years of age,
2. EVIDENCE:  said, after the officer had seen the horses in the
unauthorized
acts and dec-  stable and concluded to levy, and after he had
larations.
gone to the house to make his return upon the
execution.   The levy was made in Adams county when the
plaintiff was in Fairfield.   It does not appear that the plaint-
iff's son had any authority to bind him by his declarations.
The court also rejected evidence as to who was in possession
of the teams when the officer went to make the levy.   It is
claimed that this evidence was offered to support the allega-
tion of the answer that the plaintiff voluntarily turned the
property over to the defendant.   But, as the plaintiff was
not present, the proffered testimony would not tend to estab-
lish this allegation of the answer, unless it was proved that

the person in possession was authorized to turn out the property. No such testimony was proposed. There was no error in rejecting the evidence offered.

III. It is insisted that the court erred in sustaining an objection to a question asked Harry Parsons, in reference to what teams his father had in the spring of 1882. The levy was made on the seventeenth of August. It is immaterial what teams the plaintiff had in the spring of that year.

IV. The appellant insists that the court erred in refusing the first and second instructions asked by the defendant. These instructions were fully covered by the instructions given by the court on its own motion, and which correctly present the law of the case. The verdict is not unsupported by the evidence.

3. INSTRUCTIONS: repetition not required.

AFFIRMED.