THOMAS G. GLOVER v. P. E. NAREY, Sheriff, Etc., Appellant.

**Pleading.** In replevin from seizure under both attachment and execution, petition need not aver what was taken under each writ. Detention is the gist of the action.

**Notice to release** need not be sworn to when exemption is asserted. Acts, Twentieth General Assembly, chapter 45, applies only when third persons claim ownership.

*Appeal from Dickinson District Court.*—HON. GEORGE H. CARR, Judge.

SATURDAY, OCTOBER 20, 1894.

ACTION for the recovery of personal property. Verdict and judgment for plaintiff. Defendant appeals. —*Affirmed.*

*J. W. Cory* for appellant.

*E. M. Betzer* and *L. E. Francis* for appellee.

KINNE, J.—I. This is an action for the recovery of a piano, two horses, a harrow, a wagon, and a mower. The plaintiff's claim of right to the possession of the property is based upon the fact that he was a resident of this state, a married man, the head of a

family, and by occupation a farmer, and therefore the property was exempt. The defendant, as sheriff, had seized and held the property under an execution and attachment and claimed that plaintiff was a nonresident of this state, and not entitled to it as exempt. As to the mower and wagon, they were claimed to have been taken on a writ issued in an action based upon certain notes given by plaintiff for their purchase price. The cause was tried to a jury, and a verdict returned for plaintiff as to all of the property, upon which judgment was entered. It is said that the court erred in overruling defendant's motion to require plaintiff to set out in separate counts what portion of the property claimed was seized and held by defendant by virtue of the execution, and what was held by virtue of the writ of attachment. The claim is that, as the execution and attachment issued in separate actions against plaintiff, therefore plaintiff must state his cause of action as to each taking in a separate count. This is an action in the nature of replevin. The gist of the action is the wrongful detention of the property. *Draper v. Ellis*, 12 Iowa, 316. The object of the action is to recover the property, or its value. It matters not how or under what circumstances the defendant acquired possession. If it be wrongful, it constitutes but one cause of action; and it is not necessary to set out in separate counts the facts regarding each taking of the property.

II. The petition shows that, prior to the commencement of the action, a notice was served upon the defendant, signed by the wife of plaintiff, wherein she set forth that she was the plaintiff's wife, that they were by occupation farmers, that her husband was the owner of the property attached and levied upon, and demanding its release as exempt. It is urged that this notice was insufficient, because not signed by plaintiff. Reference is made to section

3055 of the Code, and to chapter 45 of the Acts of the Twentieth General Assembly; and it is insisted that, under the act last referred to, the notice must be under oath. An examination of these provisions of the law shows that they refer to cases where claims are made by third persons to the property taken. *Parsons v. Thomas*, 62 Iowa, 319, 17 N. W. Rep. 526.

III.   The verdict is claimed to have been excessive, and contrary to the law and evidence. We think the evidence fully sustains plaintiff's claim that this property is exempt. At any rate, it is of such a character that we are not justified in disturbing the verdict.

IV.   Errors are assigned upon the action of the court in giving and refusing instructions and in admitting testimony. They are not well taken. We have fully examined the record, and discover no error.   AFFIRMED.