THE AYRES, WEATHERWAX & REED COMPANY, Appellant, v. THE DORSEY PRODUCE COMPANY, *et al.*

**Transfer of Title: BILL OF LADING.** A bill of lading given to a bank as security for money advanced on a draft for the price of the goods is sufficient to pass title to the bank.

**Ultra Vires: WHO MAY ASSERT:** *Banks.* Where a bill of lading is issued to a national bank as security for money advanced on a draft for the price of the goods, a creditor of the shipper who subsequently attached the goods cannot object that the bank had no authority to take goods as security for a loan.

**Action on Delivery Bond: DEFENSE.** The fact that at the time of the levy of the writ of attachment, the property belonged to some person other than the defendant in attachment, is a sufficient defense to an action upon the delivery bond.

**Attachment: NOTICE TO RELEASE:** *Delivery bond.* The notice of ownership provided for by Acts Twentieth General Assembly, Chapter 45, is not necessary where a delivery bond has been executed, as the purpose of the notice is the protection of the officer making the levy.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

WEDNESDAY, FEBRUARY 3, 1897.

THE Dorsey Produce Company, of Geneva, N. Y., sold to Howell-Warfield Company, of Sioux City, ten barrels of berries, and drew on the latter company for the purchase price in favor of the First National Bank, of Geneva, which bank advanced the entire amount, and received the bill of lading of the berries as security for the money paid. Upon the arrival of the berries in Sioux City, though before their delivery, the plaintiff began suit, aided by attachment, against the Dorsey Produce Company, and caused the railroad company to be attached as garnishee, finally recovering judgment for one hundred and ninety dollars.

The property, however, was released by the execution of a delivery bond, and, the berries not being delivered within twenty days after the judgment was rendered, this action was brought on such bond for the value thereof. Judgment was rendered in favor of the defendant, and plaintiff appeals.—*Affirmed.*

*Wm. Milchrist* for appellant.

*Lohr, Gardiner & Lohr* and *Marsh & Henderson* for appellees.

LADD, J.—In an action brought upon a delivery bond, the defense is sufficient if it be shown that, at the time of the levy of the writ of attachment, the property belonged to some person other than the defendant. Section 2998 of the Code. In this case, the answer alleges that the berries released by the execution of the bond were, at the time of the levy, the property of the First National Bank of Geneva, N. Y., and not of the defendant in the attachment proceedings. The district court so found. The plaintiff insists that the bank did not, and could not, become the owner thereof. The bank took the bill of lading on which the berries were shipped from Geneva to Sioux City, in its own name, as security for the money advanced on the draft drawn upon the purchaser. Its position would not have been different had it taken an assignment of the bill for such purpose. The method is one commonly made use of in commercial transactions, when it is proposed that goods sold shall not be delivered before payment of the purchase price. The bill of lading represents the goods while in the possession of the carrier for transportation, and its assignment operates as a transfer of the title. *Bank v. Logan*, 74 N. Y. 568; *Dows v. Bank*, 91 U. S. 618; *Garden Grove*

*Bank v. Humeston & S. Railway Co.*, 67 Iowa, 526 (25 N. W. Rep. 761). The bank, in this case, received the bill of lading for the very purpose of transferring title and delivering the berries to the purchaser on the payment of the purchase price. It could not so do without first having received the title.

II. The appellant also calls in question the authority of a national bank to take title to any property except in satisfaction of a previous indebtedness. The bank had received the bill of lading and advanced the money before the attachment proceedings were begun. At that time the appellant was a stranger to the transaction. As such, he cannot complain. 5 Thompson, Corp., 6030; 2 Morawetz, Priv. Cor., 707; *Bank v. Matthews*, 98 U. S. 621; *Insurance Co. v. Smith* (Mo. Sup.) 38 Am. St, Rep. 656 (23 S. W. Rep. 623). It appearing that appellant is not in a position to insist that the bank was acting *ultra vires*, we need not consider the provision of the national banking act authorizing the loan of money on personal security.

III. It is contended that notice of ownership, as required by chapter 45, of the Acts of the Twentieth General Assembly, should have been served on the sheriff before this action was begun. The notice there referred to is for the protection of the officer making the levy. It would serve no such purpose where a delivery bond has been executed, and is not required by the statute permitting the release of property thereby.—AFFIRMED.