I. WHITNEY, Appellant, v. WARREN GAMMON, *et al.*

**Levy and Sale:** NOTICE TO SHERIFF. After exempt property had been seized on execution, the judgment debtor sold it to plaintiff. To induce the sheriff to sell the property, the judgment creditor executed bond to indemnify the sheriff and any claimant. Code, 1873, section 3055, provides that if, on levy of execution, the officer receives notice that the property is claimed by a third person, he may release the levy, unless bond is given, but that he shall be protected from liability until he receives such notice. *Held*, that plaintiff's right to sue on the bond was unaffected by failure to give the sheriff notice of his claim; the object of the notice being merely to enable the officer to protect himself by demanding indemnity which, here, he had taken without such notice.

EXEMPT PROPERTY. As the judgment debtor need not give such notice when he claims such property as exempt, no notice need be given by one who purchases from him after the levy, since he takes it with all the rights of the seller.

PUBLIC POLICY. A bond given to indemnify a sheriff against damages from the seizure and sale of personal property under an execution, and to secure to any claimant of the property any damages he may sustain by reason of such seizure and sale, is not void, although it turns out that the property was exempt and not subject to levy, where there was a controversy between the parties at the time the bond was given, as to the character of the property.

Citing *Miller v. Rhodes*, 20 Ohio St. 494; *Marsh v. Gold*, 2 Pick. 285; *Mays v. Joseph*, 34 Ohio St. 22.

**Limitation of Actions:** INDEMNITY BOND. While an action against the sheriff for wrongful levy must be brought within three years, an action seeking to recover damages on account of such levy may be brought against those who made a bond to indemnify the sheriff for making it, within ten years after the execution of such bond.

*Appeal from Shelby District Court.*—HON. W. S. LEWIS, Judge.

WEDNESDAY, OCTOBER 20, 1897.

ACTION at law upon an indemnifying bond. Defendants demurred to the petition, and their demurrer was sustained. Plaintiff appeals.—*Reversed.*

*B. I. Salinger* and *Whitney Bros.* for appellant.

*Byers & Lockwood* for appellees.

DEEMER, J.—I. Lacey & Wells held a judgment against Daniel Whitney. Execution issued upon this judgment, and the sheriff seized two horses thereunder, which were exempt from execution, in the hands of Whitney. Thereafter, and on the same day, D. Whitney sold the horses to the appellant, I. Whitney. To induce the sheriff to sell the horses, Lacey & Wells, with Gammon and Wheeler as sureties, executed an indemnifying bond to the sheriff, and the horses were sold on the twenty-third day of February, 1889. The bond was executed on the ninth day of the same month. This action is upon the bond to recover the value of the horses. The defendant demurred to the petition reciting these facts, upon the grounds: (1) That plaintiff failed to give the sheriff any notice of her claim to the property; (2) that the bond was void, because given to the sheriff to indemnify for the sale of exempt property;

(3) that the action is barred by the statute of limitations. This demurrer was sustained.

II.   The statutes (Code 1873) relating to the giving of notice and the taking of bonds are as follows:

"3055.  An officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to the defendant, or on which the plaintiff directs him to levy, unless he has received notice in writing from some other person, his agent, or attorney that such property belongs to him; or if after levy he receives such notice, such officer may release the property unless a bond is given as provided in the next section; but the officer shall be protected from all liability by reason of such levy until he receives such written notice.

"3056.  When the officer receives such notice he may forthwith give the plaintiff, his agent or attorney, notice that an indemnifying bond is required.   Bond may thereupon be given by or for the plaintiff, with one or more sufficient sureties, to be approved by the officer, to the effect that the obligors will indemnify him against the damages which he may sustain in consequence of the seizure or sale of the property and will pay to any claimant thereof the damages he may sustain in consequence of the seizure or sale, and will warrant to any purchaser of the property such estate or interest therein as is sold; and thereupon the officer shall proceed to subject the property to the execution, and shall return the indemnifying bond to the district court of the county in which the levy is made."

The bond contained these conditions: "Now, if the said obligors shall and will indemnify the said G. S. Rainbow against all damages which he may sustain in consequence of the seizure or sale under said writ of the following described personal property, to-wit, one light bay horse, with star in forehead, and white hind feet, four years old; one dark bay horse, two white collar

marks on right shoulder,—*and shall and will pay to any claimant of said property the damages he may sustain in consequence of the seizure and sale thereof,* * * * then this obligation to be void; otherwise to remain in full force and effect." It was given, not only to indemnify the sheriff, but to secure to any claimant of the property any damages he might sustain by reason of the seizure and sale of the property.

2    This action is not against the sheriff for his trespass, but is to recover from the principal and sureties on the bond, under the last condition therein named, the damages sustained by a claimant of the property. That part of section 3055 relating to notice before bringing suit has no application to this action. *Bradley v. Miller,* 100 Iowa, 169. The notice is for the protection of the sheriff, who is required to levy upon any property which the execution plaintiff directs him to seize, and has no reference to the liability of the execution plaintiff. Moreover, the object of the notice is to enable the officer to demand indemnity. If he has in fact taken the indemnity without notice, neither he nor the principal can be heard to complain; certainly the principal cannot. *Ayres v. Dorsey Produce Co.,* 101 Iowa, 141; *Sanxey v. Glass Co.,* 68 Iowa, 546; *Waterhouse v. Black,* 87 Iowa, 321. Aside from
3    this, we have held that, when the execution defendant claims the property as exempt, he is not required to give the notice provided by statute in an action against the officer. *Parsons v. Thomas,* 62 Iowa, 319; *McCoy v. Cornell,* 40 Iowa, 457. Plaintiff was not the owner of the property at the time the execution was levied. She purchased after the seizure, and is relying upon the fact that the property was exempt to D. Whitney when the levy was made. She is entitled to all the rights held by D. Whitney at the time the property was seized, may plead and prove the exemption, and need not do more to establish her claim than would

have been required of the execution defendant. *Red-field v. Stocker*, 91 Iowa, 383. At the time of plaintiff's purchase, the levy had been made, and she bought sub-ject to it. She has, therefore, just such rights as her grantor had, and is entitled to assert them as he could have done. He was not required to give notice, and there is no reason why she should be.

III. It is alleged in the petition that the property levied upon was in fact exempt, but that Lacey & Wells claimed that it was not, and that to induce the officer to sell they executed the bond in suit. It thus appears that there was a controversy between the parties as to the character of the property. In such case the bond is not void, although it turns out that the property was not subject to levy. Bishop, Con-tracts, sections 484, 493; *Miller v. Rhoades*, 20 Ohio St. 494; Mechem, Public Officers, section 890; *Marsh v. Gold*, 2 Pick. 285; *Mays v. Joseph*, 34 Ohio St. 22. The case of *Cole v. Parker*, 7 Iowa, 167, is not in conflict with this rule.

IV. The third ground of the demurrer is that the action is barred by the statute. The suit was com-menced on the seventeenth day of August, 1893. If it were against the sheriff, it would be barred by subdivision 3 of section 2529 of the Code of 1873. As the action is upon the promise contained in the bond, it is not barred until ten years after the cause thereof accrued. Code, section 2529. Lacey & Wells could be sued for their trespass independent of the sheriff. They gave bond to secure any claimant of the property who might suffer through their act. It is in no sense an obligation to answer for the wrong of the sheriff, except as he might demand indemnity from them for any damages adjudged against him. The fact that plaintiff might have sued the sheriff instead of declaring upon the bond is of no consequence, for the sheriff is not the principal in the bond. He is one of

the obligees, and the fact that no action can now be brought against him is entirely immaterial. The petition states a good cause of action, and the demurrer should have been overruled.—REVERSED.