W. F. UPP, Appellant, v. AUGUST NEUHRING and RINGGEN-
BERG and GLASSNAPP.

127   713
138   510

**Attachment:** SUFFICIENCY OF PETITION. An attachment is a summary proceeding and a writ should not issue where the grounds therefor are not alleged in substantial compliance with the statute.

**Wrongful attachment:** REPLEVIN OF PROPERTY. Where the grounds stated in a petition are insufficient to support an attachment, a motion to dissolve the writ is not the exclusive remedy, as the Code expressly authorizes a replevin of personal property unlawfully detained.

**Replevin:** NOTICE OF OWNERSHIP. Notice of ownership provided in Code, section 3991, applies to third persons claiming ownership of the property, and an attachment defendant is not required to give such notice before bringing replevin for the property.

*Appeal from Sac District Court.*— HON. Z. A. CHURCH,
Judge.

WEDNESDAY, JULY 12, 1905.

ACTION of replevin. There was a trial to the court, and a judgment for the defendants. The plaintiff appeals.— *Reversed.*

*Chas. D. Goldsmith,* for appellant.

*Tait & Jackson,* for appellees.

SHERWIN, C. J.— On the 10th day of March, 1903, the defendants herein, Ringgenberg and Glassnapp, commenced a suit, aided by an attachment against the plaintiff, before a justice of the peace of Sac county, and an attachment was issued and levied on personal property belonging to the plaintiff which was then temporarily in Sac county. There was a judgment against the plaintiff herein in that action, and the property so levied on was at the time this suit was commenced in the possession of the defendant Neuhring, who was the constable who made the levy. The present suit was commenced in the district court of Sac county to recover possession of the property so levied on; the petition alleging that the judgment rendered by the justice was void for want of jurisdiction, and that the property levied on was exempt to the plaintiff, as a resident of Iowa and the head of a family. The case was tried to the court without the intervention of a jury, and the judgment was for the defendants. The petition alleged that the property was detained by virtue of an execution issued on the judgment rendered in the justice court, but this was not true; and the answer alleged the true fact, which was that the property was held by virtue of the attachment. The validity of the attachment, and the right of the plaintiff to the property as exempt, seem to have been the issues really tried in the district court, and they are the principal matters discussed on this appeal.

At the time of the attachment, and for a considerable period prior thereto, the appellant was a resident of Calhoun county, Iowa; and it is conceded by the appellees that the justice of Sac county had no jurisdiction to issue an attach-

ment, or to render a judgment against the appellant, unless

1. ATTACHMENT: he had started to leave the State at the time the
sufficiency of suit was commenced, and they reply on *Graw*
petition.
v. *Manning & Epperson,* 54 Iowa, 719, as sustaining the court's finding that he had in fact started to leave the State at that time. We shall not discuss this question, however, for we are of the opinion that the petition on which the writ of attachment issued was wholly insufficient, and that the levy was void on account thereof. It was as follows:

The plaintiffs, Ringgenberg & Glassnapp, state that the said W. F. Upp is about to leave the State and defraud his creditors, and that there is now due the plaintiff thereon from the defendant the sum of eighty-four and seventy-one hundredths dollars, for which he demands judgment, with interest and costs. Plaintiff further states, he therefore asks a writ of attachment against the goods and chattels, rights and credits, of the defendant.

There are but two subdivisions of section 3878 of the Code which by any method of reasoning can be said to have been contemplated by the petition as grounds of attachment. The first of these is subdivision 3, and under this it must be alleged that the defendant " is about to remove his property out of the State without leaving sufficient remaining for the payment of his debts." The other is subdivision 8, which reads thus: " That he is about to remove permanently out of the State and refuses to pay or secure the debt due the plaintiff." Conceding that the petition may be construed to charge that the defendant was about to remove permanently out of the State, which it clearly does not do, there was no intimation therein that he had refused to pay or secure the debt due the plaintiffs, and that was a necessary part of the allegation. Again, the statement that he was about to leave the State and defraud his creditors cannot be construed to be an allegation that he was about to remove his property out of the State, without leaving sufficient remaining for the payment of his debts. An attachment is a summary pro-

ceeding, and, before a writ is issued, one or more of the statutory grounds therefor must be stated and sworn to. The statute so provides, and it is evident that an allegation or statement which does not substantially comply therewith is insufficient. *Mingus v. McLeod,* 25 Iowa, 452; *Bundy v. McKee,* 29 Iowa, 253.

It is said by the appellee that, if the grounds stated are insufficient, advantage thereof can only be taken by motion to dissolve the writ; but the Code expressly authorizes

2. WRONGFUL ATTACHMENT: replevin of property.

replevin for personal property unlawfully detained, and a party is not precluded from using the remedy by a failure to move for a discharge of the property in the attachment suit. *Wilson v. Stripe,* 4 G. Greene, 551.

It is further contended that replevin cannot be maintained because no notice was served on the constable, who was in possession of the property before suit, as provided by

3. REPLEVIN: notice of ownership.

sections 3991 and 3906 of the Code. Section 3991 is a substantial re-enactment of section 3055 of the Code of 1873, and we held in *Parsons v. Thomas,* 62 Iowa, 319, that the notice there required did not apply to the execution defendant, but to a third party claiming ownership of the property. The rule was also followed in *Glover v. Narey,* 92 Iowa, 286.

Other minor matters are discussed, but what we have already said disposes of the controlling question in the case, and it must be reversed. The motion to strike the appellee's additional abstract is overruled.— *Reversed.*