WEIR, Respondent, *v.* HUM TONG, Appellant.

(No. 7,378.)

(Submitted May 1, 1935.   Decided May 16, 1935.)

[46 Pac. (2d) 45.]

(1)

*Mr. J. F. Emigh* and *Mr. A. G. Shone,* for Appellant, submitted a brief; *Mr. Shone* argued the cause orally.

*Mr. Timothy Nolan,* for Respondent, submitted a brief; *Mr. Harlow Pease,* of Counsel, argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff, the sheriff of Silver Bow county, brought this action to recover on an implied contract of indemnity.

The defendant herein brought an action against Mrs. James Maher to recover a balance on account of rent in the district court of Silver Bow county. A writ of attachment was issued in that action, which was delivered by the attorney for the plaintiff therein to the plaintiff herein as sheriff. Contemporaneously the same attorney delivered to the sheriff a written praecipe directing him as follows, "Attach all of the furniture and furnishings contained in the Metropolitan Hotel," and describing the location of these premises in the city of Butte. The sheriff proceeded to the hotel, served process upon the defendant, informed her that the furniture and furnishings were attached, and placed the same in charge of a custodian. After the lapse of approximately five days, defendant Maher served upon the sheriff the necessary documents, asserting her claim to the furniture and furnishings of four designated rooms in the hotel as being exempt to her as the head of a family, consisting of herself and husband, as household furniture. The sheriff notified counsel for plaintiff in that action of the claim of exemption, and requested that he be indemnified by a bond as against the exemption claim. The attorney urged upon the sheriff that the attachment bond already given was sufficient for his protection, but promised that he would furnish a bond; however, no indemnity bond was furnished. On the date of the receipt of the claim of exemption, and, according to the weight of the testimony, after notice of the claim was given to the attorney for plaintiff in the action, the sheriff proceeded to

4

remove all the furniture and furnishings of the hotel, including the property claimed as exempt, into the basement of the building, which was the property of the plaintiff, and there retained possession thereof until the date of the trial of the present action. It appears from the record that there were two Chinese residents of the city of Butte by the name of Hum Tong, and the record is not altogether clear as to which one of these is the party defendant to this action. It is clear, however that the man by the name of Hum Tong who employed the attorney to bring the attachment suit assisted the sheriff in the removal of the property attached into storage.

Mrs. Maher, the defendant in the attachment suit, thereupon brought action against the sheriff to recover damages for the conversion of the property included in her claim of exemption. The attorney for plaintiff in the attachment suit was notified by the sheriff of its commencement, and the record is silent as to any attempt or offer made by plaintiff in the attachment action to defend the damage action against the sheriff. The latter case was defended by the sheriff and resulted in a judgment against him in the sum of $2,112.72 as damages, and costs in the sum of $11.75. The sheriff paid $1,749 in satisfaction of that judgment, $5.50 as costs, and $275 as reasonable attorneys' fees incurred in his defense. He thereupon brought this action against Hum Tong, plaintiff in the original attachment suit, to recover the sums of money so expended in settlement of the judgment recovered against him, on the theory that an implied contract of indemnity arose in his favor. Defendant Hum Tong denied the existence of any contract of indemnity, either express or implied, and affirmatively alleged that the sheriff, in making the attachment and seizing the property, "well knew that any levy or seizure of the property was illegal, unlawful and a trespass against the rights of the defendant in that action." The facts surrounding all of these transactions were detailed at considerable length.

The trial of the cause resulted in a judgment in favor of the plaintiff Weir for the amount demanded by his complaint. A

motion for new trial was made, heard and denied. The appeal is from the judgment.

The defendant has made numerous assignments of error seeking to review various rulings made during the progress of the trial relating to the reception of testimony, and the refusal of offered instructions. Counsel have not argued each of the specifications separately but have treated them in groups, as by many of them the same question is sought to be raised. We will likewise discuss them.

The general principle is well established that when a sheriff makes a levy in accordance with instructions of the plaintiff in an attachment suit, or a judgment creditor in the case of an execution, he may, if he does not knowingly act in an unlawful and illegal manner, recover damages from the attachment plaintiff, or the judgment creditor, to indemnify him in the absence of a bond of indemnity or an express contract to indemnify. In such a case an implied promise of indemnity arises. (24 R. C. L. 974; *Arnold* v. *Fowler,* 94 Md. 497, 51 Atl. 299, 89 Am. St. Rep. 444; *Nelson* v. *Cook,* 17 Ill. 443; *Ranlett* v. *Blodgett,* 17 N. H. 298, 43 Am. Dec. 603; *Standley* v. *Marsh,* 1 Wash. 512, 20 Pac. 592; *Selz, Schwab & Co.* v. *Guthman,* 62 Ill. App. 624; Freeman on Executions, 3d ed., sec. 275–a.)

As we understand the contention of counsel for the defendant, they do not dispute the soundness of the foregoing rule, but they deny its application in the facts and circumstances of this case. They insist that the sheriff knowingly committed a trespass and accordingly cannot claim the protection of this rule, and insist that the trial court should, in accordance with their request, have instructed a verdict for the defendant. They urge that the agreement to indemnify was void under the provisions of section 8164, Revised Codes 1921, providing as follows: "An agreement to indemnify a person against an act thereafter to be done is void, if the act be known by such person, at the time of doing it, to be unlawful." This court has not heretofore construed this section, nor has the supreme court of California, from which state we adopted this statute. From our examination of authorities, we are convinced

that this statute does no more than declare a well-recognized rule of the common law.

It was determined by the action brought by Mrs. Maher against the sheriff that the claim of exemption was valid, and that the sheriff's taking was wrongful. The furnishings levied upon were found in twenty-two different rooms of the Metropolitan Hotel. As already observed, the contents of only four rooms were claimed to be exempt as household furnishings. The sheriff found a sign on the building proclaiming that a hotel was within; another sign on the door of one of the rooms, of which the furnishings were claimed as exempt, informed the public that it was the office. The furnishings in the office were in keeping with that designation. Those in two rooms claimed to be exempt were not at all unlike the furnishings in the other rooms of the twenty-two not claimed as exempt. One of these two rooms was occupied by a lady not a member of the family of the proprietor of the hotel. Whether she was a guest of the hotel, or of the family, the record does not disclose. One of the deputy sheriffs who was in charge as a keeper, during his sojourn, partook of meals with the family in one of these rooms. The furniture in all of the rooms claimed as exempt was such as might be well used for household purposes. The plaintiff in the attachment case at no time after the filing of the claim of exemption with the sheriff, instructed or suggested to the sheriff that he release this property, but, on the contrary, insisted that he retain possession of it.

On this state of facts in the record it is insisted that the sheriff knew that his act was unlawful in retaining the property claimed as exempt, and, therefore, any contract of indemnity was void as against public policy, as declared by section 8164, supra. But merely because an act proves to be a trespass, which was not originally supposed to be so, will not render a promise of indemnity for the commission of it void. Promises of indemnity to officers to induce them to execute process by the taking of property where the title to it is disputed, are very common and their legality is upheld. (*Marcy* v. *Crawford*, 16 Conn. 549, 41 Am. Dec. 158; *Miller* v. *Rhoades*, 20 Ohio St. 494; *Mays*

v. *Joseph,* 34 Ohio St. 22; *Whitney* v. *Gammon,* 103 Iowa, 363, 72 N. W. 551; Mechem on Public Offices and Officers, sec. 890.)

The rule of liability on the part of a sheriff for refusal to levy a writ of attachment is declared by section 4781, Revised Codes 1921, as follows: "If the sheriff to whom a writ of execution or attachment is delivered neglects or refuses, after being required by the creditor or his attorney, to levy upon or sell any property of the party charged in the writ which is liable to be levied upon or sold, he is liable to the creditor for the value of such property." His duty to levy writs of attachment is also provided by section 9266, Id. The attachment plaintiff was insisting that the sheriff retain possession under the writ of the property claimed as exempt. The exemption claimant was likewise demanding the same property. From all the facts and circumstances it appeared that the rights of the rival claimants were not altogether clear and easy of solution. Therefore, under the rule announced in the foregoing authorities, the act of the sheriff in retaining possession of the property was not knowingly unlawful, and hence the obligation to indemnify was valid. The trial court was correct in refusing to instruct a verdict in favor of the defendant.

The jury was instructed, without objection, as follows:

"No. 5. An agreement to indemnify a person against an act thereafter to be done is void if the act be known by such person at the time of doing it to be unlawful.

"No. 6. You are instructed that there can be no recovery by a sheriff against a litigant for whom he executes process on account of damages sustained by said sheriff or arising out of an unlawful act committed by him in serving said process if he knew at the time of the commission of said unlawful act, that the same was unlawful.

"No. 7. If you believe from a preponderance of all the evidence in this case that the sheriff knew that the property in rooms 10, 11, 15 and 17 of the Metropolitan Hotel was exempt from attachment and claimed as exempt by Mrs. James Maher before the said sheriff removed the property from said rooms,

then the sheriff's act was unlawful and your verdict should be for the defendant.''

Error is assigned upon the refusal of the trial court to give defendant's offered instruction No. 10. This offered instruction was a copy of section 9427 of the Revised Codes of 1921, being the section enumerating the general exemptions to all debtors. It is urged that without the giving of this instruction the jury was required to speculate as to what property was exempt. The question whether the property claimed as exempt was in fact exempt had been theretofore adjudicated and was not an issue in the case. The paramount issue in this action was whether the sheriff retained the property knowing that such retention was unlawful. We are unable to see wherein the giving of the statute enumerating the articles of property which are exempt to judgment debtors could in anywise assist the jury in the solution of this or any other issue in the case.

By offered instructions 9 and 11, which were refused by the court, it was sought to advise the jury that where a debtor owns more property of the class and character specified in the exemption statutes of the state, the sheriff may lawfully take all of such property under his writ of attachment, and that it is for the debtor to identify and claim the particular property which he desires to have exempted. The offered instructions, we think, correctly stated the law as announced by this court in the case of *Tetrault* v. *Ingraham,* 54 Mont. 524, 171 Pac. 1148. The rules of law therein announced were without application here, for the jury were told by instruction No. 7, quoted supra, that if the sheriff knew at the time he removed the property claimed as exempt that it was in fact exempt from attachment, his act was unlawful and their verdict should be for the defendant. The court by this instruction fixed the time for the determination of the sheriff's liability, not as the day of the seizure of the property, but as the time of its removal, which under the facts in the record was on the day the claim of exemption was filed. There was no question here to be adjudicated as to whether the sheriff's action in retaining the property claimed as

exempt was unlawful. That had been previously decided. No error was committed in refusing these offered instructions.

Another instruction was offered by which it was sought to direct the jury to consider the writ of attachment and the praecipe together, and to construe them as one instrument, and its refusal is assigned as error. This instruction was an attempt to invoke a familiar rule for the construction of contracts between parties contemporaneously executed. But neither of the instruments here under consideration was a contract, and even if they were contracts, the provisions of one, under this rule, are not imported bodily into the other. (6 R. C. L. 852.)

It is urged that under instructions 5, 6 and 7, quoted supra, which were given without objection, they became the law of the case, and that the jury was bound, under them, to find for the defendant, within the rule announced by this court in numerous decisions. We have no quarrel with the rule for which counsel contend, but under the facts in this record, we are unable to say, as a matter of law, that the sheriff knew at the time he removed the property from the hotel that the portion of it claimed as exempt was in fact exempt. Accordingly, the contention cannot be sustained.

Judgment affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.

Rehearing denied July 3, 1935.