The opinion of the Court was afterwards delivered by
Parsons, C. J.
From the facts reported, it is manifest that the plaintiff has lost his debt through the conduct of the deputy sheriff; and the first point for the decision of the Court is whether, from the circumstances of the case, the deputy was in fault. [Here his honor recapitulated the facts, as before reported.]
It is urged for the deputy, that, in consequence of the special endorsement on the writ, he might attach either the body or estate. And we are inclined to allow this objection, if no verbal directions had been given him. When an original writ is delivered to the sheriff, with this special direction, perhaps he is not holden to look up estate, and to attach it as belonging to the debtor, without any indemnity ; and if he takes the body, he conforms to the direction. But in this case, he was verbally directed to attach certain chattels, describing their nature and situation; and I am satisfied that he was bound to obey this verbal direction, if he lawfully could.
It is further said that the plaintiff did not go with him to make the attachment. I know of no law directing the presence of the creditor with the officer, to oblige him to make an attachmenu The creditor ought, if required, to designate the cha ’els to be; *62 attached ; and also, if they are not in the possession of the debtor, or if there be a dispute concerning the property, to give the officer an indemnity for making the attachment, (a) In this case, the chattels to be attached were sufficiently designated, and there was no request of an indemnity. And if the officer could have insisted on the plaintiff’s going with him, he waived his right, by taking the writ with the verbal direction to make the attachment, after the plaintiff had declined going with him, without making any objection to conforming to the direction.
Another question made is, whether, if the deputy was in fault, the sheriff is answerable for the default. The sheriff is answerable cimliter for the defaults of his deputies, by nonfeasance or malfeasance, in the duties of their office enjoined on them by law; and not for a breach of contract made with a plaintiff, obliging [ * 64 ] themselves to do what by law * they were not obliged to do. Here the default charged is in not making an attachment of chattels, which he was bound by law to make ; the default, therefore, is a neglect of an official duty, for which the sheriff is responsible.
The verdict must stand, and judgment be entered up according to it.

 [When the creditor points out certain goods, as the property of the debtor, to the sheriff, who, at the creditor’s request, seizes them on legal process, issued in favor of the creditor, and the goods are afterwards proved to be the property of a stranger, who recovers damages against the sheriff, the creditor is liable, in an action on the case in favor of the sheriff, to such damages as will indemnify him. — Humphreys vs. Pratt, 2 D. & Cl. 288. — Ed.]