WILLIAM JESSOP *vs.* SAMUEL BROWN, Jr.—*June*, 1830.

Where at the time a sheriff under a *fi. fa.* levied upon personal and real property, pointed out by the plaintiff as the property of the defendant, a claim was made thereto by third persons, who denied the right of the sheriff to levy upon or sell the same, and threatened to sue him if he should sell the same ; and the sheriff then informed the plaintiff that unless he would indemnify him, he would not sell.   Upon motion made at the return term of the writ, (founded upon the foregoing facts, sustained by

affidavits and copies of deeds and mortgages from the defendant to the claimants, and proof of the plaintiff's refusal to indemnify the sheriff) the Court granted a rule absolute either to indemnify the sheriff, or permit him to enlarge the time of making his return, from term to term, until that was done; and again enlarged the time for making his return to the first day of the next term.

A *fieri facias* issued in this case, returnable in June term, 1829. At that term a motion was made on the part of the plaintiff, for a rule on the sheriff of *Anne Arundel* county, to whom the said writ was directed, to return the same, the said sheriff having failed so to do. The rule was granted, requiring the sheriff to make his return on the 5th day of July then next ensuing, but at a subsequent period, during term, the time was extended to the 1st day of this term.

*Brewer*, for the sheriff, now moved the Court for a rule on the plaintiff, to show cause why the above rule should not be enlarged for the next term, and why he should not indemnify the sheriff before the said writ should be returned. And he assigned the following reasons: "1. Because the greatest part of the property, both real and personal, on which the said *fieri facias* was levied, was conveyed to a certain *Rebecca Goodwin* and *Eliza Goodwin,* and a certain *Richard G. Stockett,* and the residue was claimed at the time of the levy, by *Samuel Brown,* father of the said defendant. And the said plaintiff who showed the said property, was then and there informed by the sheriff that he would not sell the said property, unless the said plaintiff would give him a sufficient indemnity, which the said plaintiff then and there repeatedly refused. 2. Because all the said property was claimed by the said *Rebecca* and *Eliza Goodwin* and *Samuel Brown,* who denied the right of the said sheriff to levy on and sell the same, and threatened to institute a suit against the said sheriff, if he should proceed to sell the same."

Affidavits by the sheriff and his deputy were filed, and copies of a deed and mortgage from the said defendant to the above named *Rebecca* and *Eliza Goodwin*. The facts set forth in the reasons were supported by the affidavits. In support of the rule he referred to 1 *East*. 338. 3 *Bos. and Pul*. 288. 2 *Tids. Prac*. 928. 7 *Term Rep*. 174. *Sellon's Prac*. 527.

BUCHANAN, Ch. J.

In enlarging the rule in this case, the Court wish to be understood as laying down no general rule. Each case must depend upon its own circumstances; and here we think, upon the reasons and proofs, there is sufficient reason to interfere.

Rule on the plaintiff made absolute, and the rule on the sheriff enlarged to the first day of the next term.