BAGGOT, (JANNEY v.) See Case No. 7,210.
BAGLEY, In re. See Case No. 1,144.

---

## Case No. 725.
### BAGLEY v. YATES et al.
[3 McLean, 465.] [1]

Circuit Court, D. Michigan. Oct. Term, 1844.

UNITED STATES MARSHALS — DEPUTIES — LIABILITIES—ATTACHMENT OF DEPUTY.

1. Where a deputy marshal receives money on a judgment, after he has returned the execution, he may be attached, on a neglect to pay over the amount in pursuance of the order of the court.

2. The marshal is responsible for the acts of his deputy, done in the line of his duty. But when the deputy does not so act, the marshal is not responsible.

[Cited in The Laurens, Case No. 8,122.]

3. The deputy is an officer of the court, and may be held responsible as such.

[At law. Action by Bagley against Yates and Prentiss. Judgment for plaintiff. Heard on plaintiff's motion to attach Alexander H. Stowell, deputy marshal, for retaining certain moneys received on execution. Attachment granted.]

Mr. Seaman, for plaintiff.
Mr. Abbott, for defendants.

OPINION OF THE COURT. This is a motion for an attachment against Alexander H. Stowell, deputy of the late marshal, Conrad Ten Eyck. The affidavits showed that the judgment in the above case was rendered in November, 1838, for $832 50 damages, besides costs. That execution was issued the 23d November, 1838, which was delivered to Stowell, as deputy marshal. That said Stowell collected of the defendants $80, January 3, 1839; $200, 28th February, 1839, and paid over to the plaintiff's attorney, $247, and afterwards returned the execution, made on the execution $247, and paid the same to the plaintiff. After the return of the execution, he received and receipted for $519 75, some of which he paid over to the plaintiff, but retained a part in his own hands, after deducting his fees. The marshal is author-

ised by statute, to appoint one or more deputies, who are required to take an oath of office, and they are recognised as officers of the circuit and district courts, and liable to be removed by them. It is objected that this proceeding should be had against the marshal, who is responsible for the acts of his deputies.

The marshal is responsible for the acts of his deputies, while acting in the line of their duty, but beyond this he is not responsible. In the case before us, the deputy received the principal part of the money after the return of the execution, when he had no authority to receive it, a part of which has not been paid over. For this act the marshal cannot be held responsible. The deputy is an officer of the court, and is subject to its power as such. He has been ordered to pay over the money in his hands, in the above case, which he has not done. And the question is, whether he is not liable to be attached for the disobedience. The deputy acts in the name of the principal, and it is contended he is not liable to be sued by the plaintiff, whose money he collects on execution. In such case, the principal or his deputy is liable, at the option of the plaintiff. Certainly the plaintiff is not bound to look to the deputy, but may proceed against his principal. But, as before remarked, he cannot take this course where the acts of the deputy, complained of, were not done in the line of his duty. [2] Having received the plaintiff's money, under the pretence of an authority, by virtue of his office, he is responsible to them. The payment by the defendant, to the deputy, not being authorised, did not discharge him, but having received money on account of the plaintiffs, they may compel him to pay it over to them. And, as he acted under the assumed authority of the process of this court, he must be held responsible in this mode of proceeding.

It would be disreputable to the court, and to the institutions of justice, if in such a case, the court should not afford a summary remedy against one of its officers. In the case of U. S. v. Mann, [Case No. 15,716,] the chief justice held, that a deputy marshal might be attached for not paying over moneys collected by him. If a deputy marshal, clerk or attorney, receive in such capacity, money which he refuses to pay over on the order of the court, he may be attached. An attachment is grantable against an officer of the court, where he misdemeans himself in office. 1 Bac. Abr. "Attachment A."

The court grant the attachment.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] NOTE, [from original report.] It is laid down in Knowlton v. Bartlett, 1 Pick. 271; Marshall v. Hosmer, 4 Mass. 60; Bond v. Ward, 7 Mass. 123; and in other cases decided in Massachusetts, that the sheriff is liable for the acts of his deputy done under color of office, whenever the deputy would be liable for the same acts. We are not prepared to admit this doctrine to the extent as laid down; but if it were admitted, it does not affect the personal liability of the deputy.