### CITY OF BOSTON *vs.* CHARLES H. MOORE & others.

The condition of a constable's bond, which provides that "he shall faithfully perform all the duties of a constable in the service of all civil processes which may be committed to him," is not broken by his failure to pay to the plaintiff in a writ, money intrusted to him for that purpose by the defendant therein, after completion of the service.

CONTRACT on a constable's bond. The declaration alleged in substance, that the present defendant Moore, after serving a writ as constable, received from the defendant therein the amount of the demand sued for, and, though requested, had neglected and refused to pay the same to the plaintiff therein. In the superior court, a demurrer to the declaration was sustained, and judgment rendered for the defendants. The plaintiffs appealed to this court. The facts appear in the opinion.

*S. J. Ross,* for the plaintiffs.

*J. D. Thompson,* for the defendants.

BIGELOW, C. J. The declaration sets out no breach of the bond for which the defendants are jointly liable. In receiving money from the principal defendant in the original suit, after the service of the writ and before its entry in court, the constable was not acting by virtue of his office. His official duty terminated with the service of the process. He was not authorized by his precept to settle the action or to collect the amount of the debt. In receiving the money, he acted, in the first instance, as the agent of the defendant in the original writ, who paid it to him to be transmitted to the plaintiff; and the latter, by not entering his action, and by demanding the money of the constable and commencing an action against him to recover it,

ratified the settlement made by him, and adopted his acts, thereby making him his agent in adjusting the original suit. But the constable in thus receiving the money was not acting in the execution of any process in his hands, but solely in his private capacity, as distinct from the performance of his duty as a public officer. For such acts the defendants are not responsible by the terms of the bond declared on. Their liability is limited expressly in the condition of the bond to defaults committed by him in the discharge of his official duties. The only breach on which the plaintiff could rely in support of the action is, that the constable had omitted and neglected faithfully to perform " all the duties of a constable in the service of all civil processes which may be committed to him." The facts set out in the declaration do not constitute a breach of the covenant. On the contrary, it alleges that the writ was duly served, and only avers that he was guilty of failing to pay over money which he had received when acting beyond the scope of the legal duty imposed on him as an officer. *Marshall* v. *Hosmer*, 4 Mass. 60, 63. *Cook* v. *Palmer*, 6 B. & C. 739, and 9 D. & R. 723.

*Declaration adjudged bad.*