[No. 583. Decided January 29, 1889.]

## JOHN B. STANDLEY v. DAVID MARSH.

SHERIFFS AND CONSTABLES—WRONGFUL LEVY—INDEMNITY FROM
EXECUTION CREDITOR.

A sheriff who, under express directions of a creditor, attaches
property pointed out to him by the latter, and does not know or have
notice that it is the property of another than the debtor, may recover
indemnity of the attaching creditor after judgment against the sheriff
for the wrongful levy.

*Appeal from District Court, Whitman County.*

Action by David Marsh against John B. Standley to re-
cover indemnity for a judgment obtained against plaintiff
as sheriff. Judgment for plaintiff, and defendant appeals.

*Allen & Crowley,* for appellant.

*Doolittle, Pritchard & Lehman,* for appellee.

The opinion of the court was delivered by

ALLYN, J.—David Marsh, as sheriff of Whitman county,
September 15, 1884, attached 270 sacks of wheat at the in-
stance of John B. Standley, plaintiff in the suit of *Stand-
ley v. George W. Landes.* October, 1885, one Seat began
an action for the unlawful detention of, and damage to,
the wheat while thus attached and held by the sheriff,
and on December 20, 1886, secured a judgment for $25
and costs; the whole amounting to $383.25. This amount
the sheriff now seeks to recover from Standley, the attach-
ing creditor. Judgment was had for the sheriff, Marsh,
and the defendant appeals.

The pleadings are not all in the record; and while the ar-
gument of appellant is largely upon the theory that the sher-
iff was guilty of negligence, and was therefore alone liable,
from what is before us of the record, and the amount of
the judgment, etc., we are fairly satisfied that the judgment
against the sheriff was a nominal one, and was not given

for any negligence proven.   Looking at the case in this
view, there is but one question we need consider; and that is,
whether a sheriff taking property under a writ of attachment
at the direction of a creditor, and guilty of no negligence
or want of care himself, may call upon the attaching cred-
itor for indemnity after a judgment has been given against
him for such wrongful levy; *i. e.*, whether or not a promise
of indemnity will be implied from the direction of the cred-
itor to levy upon certain property pointed out by him.   It
is undeniably true that if the sheriff knows the property
he is directed to levy upon belongs to another, or if notice
is given him of such claim, it is his duty to secure indem-
nity before levying, or he should refuse to act.   He would
be held to voluntarily assume the risk if, under such circum-
stances, he neglects to call for indemnity, and equally would
he be alone liable for willful neglect in caring for property
after he had taken it.   But from the record before us we
do not consider this case to have embraced in it any of
these essentials.   On the contrary, as we view it, the sheriff
under express directions of the creditor, attached property
pointed out to him by the creditor, and did not himself
know or have notice that it was the property of another
than the debtor.   Having been guilty of no willful neglect
or wrong, should he alone suffer, and not be allowed relief
against the creditor, whose directions to him caused the
damage, and which directions he is bound to follow in the
absence of knowledge of their wrongfulness?

Freem. Ex'ns (2d ed.), 894, says:   "If the sheriff fol-
lows plaintiff's directions in doing an act, not known to
him to be unlawful, and is thereafter compelled to respond
in damages because of the act, he may recover from the
plaintiff the amount so recovered from him;" citing a num-
ber of authorities, as *Humphrys v. Pratt*, 2 Dow & C. 288,
5 Bligh (N. S.), 154; *Sanders v. Hamilton*, 3 Dana, 550;
*Stoyel v. Cady*, 4 Day, 222, 226.   There can be no doubt
but that, a writ being given a sheriff with special directions,

33 — 1 WASH.

he is bound to serve it, and follow such directions.    See *Ranlett v. Blodgett*, 17 N. H. 298 (43 Am. Dec. 603). And equally, that from the directions given to serve it in a particular manner, a promise will be implied in law from the creditor to the sheriff to hold the latter harmless of the natural results of obeying such directions.    *Bond v. Ward*, 7 Mass. 123, 5 Am. Dec. 28, and note, with cases cited; *Gower v. Emery*, 18 Me. 79.    Also, *Ball v. Badger*, 6 N. H. 405, and *Marshall v. Hosmer*, 4 Mass. 60, 63.

We are agreed that in this case the sheriff acted carefully and properly, and from the specific directions given him a promise of indemnity is implied sufficient to sustain the action brought by him in this case.    We may further add that the evidence satisfies us that the defense made by the sheriff to the suit for damages by Seat was made through attorneys whom he did not employ, but who were self-evidently employed by and acting for Marsh.    In fact Marsh made all the contest that was made; and the judgment of $25 and costs referred to was entered by consent of Marsh (and his attorneys), who, though not known to the record, was the actual party in interest throughout. The judgment below is correct, under the principle above announced, and is clearly just.

Let the judgment be affirmed.

BURKE, C. J., and NASH, J., concur.