[No. 10383. Department One. October 26, 1912.]

CANFIELD-CAULKINS IMPLEMENT COMPANY, *Appellant*, v.

H. COWDEN, *Constable of Bellingham Precinct*,

*Respondent.*[1]

SHERIFFS AND CONSTABLES—INDEMNITY BOND—RIGHT TO DEMAND—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 4003, providing that no sheriff shall be liable for damages for refusing to serve process unless an indemnity bond, "if he requires one," is first tendered, the officer has the unqualified right to demand a bond in any case requiring a levy on personal property involving the taking of actual possession, and not merely in cases where the bond "is required by law," as in Id., §§ 573 and 1888, relating to adverse claims to property levied upon.

SAME. Rem. & Bal. Code, § 4003, providing that "no sheriff, deputy sheriff, or coroner" shall be liable for damages for refusing to serve process unless an indemnity bond, if he requires one, is first tendered, applies to constables when their duties in connection with process are exactly the same as the duties of sheriffs; the terms "sheriff, deputy sheriff, or coroner" being used in a generic sense.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered December 13, 1911, dismissing an action for a writ of mandamus, upon sustaining a demurrer to the application. Affirmed.

*J. F. Moore*, for appellant.

*Frank W. Bixby* and *H. C. Thompson*, for respondent.

[1]Reported in 127 Pac. 216.

Parker, J.—The plaintiff having recovered a judgment in a justice court against one Jensen, commenced this proceeding in the superior court praying for a writ of mandate to compel the defendant, a constable, to levy upon certain personal property alleged to belong to Jensen, the judgment debtor, under an execution issued by the justice upon the judgment, the defendant having refused to levy upon the property without the plaintiff first furnishing to him an indemnifying bond. The defendant demurred to the affidavit for the writ upon the ground that sufficient facts to constitute a cause of action are not therein stated. The demurrer was sustained by the superior court; and the plaintiff electing to not plead further, judgment of dismissal was rendered against it, from which it has appealed.

In the affidavit stating the facts upon which appellant rests its right to the writ, it alleges, in substance, that its judgment was recovered in the justice court; that execution was duly issued thereon and placed in the hands of respondent for service; that Jensen has in his possession belonging to him a stock of groceries kept by him for trade, of the value of $1,000 or more, none of which is exempt nor claimed by any third person; that respondent has been informed of these facts and of the location of the property; and that he refuses to levy upon the property under the execution until appellant, the judgment creditor, shall furnish him an indemnifying bond.

Respondent rests his claim of right to refuse to serve the execution by levying upon the property alleged to belong to Jensen upon Rem. & Bal. Code, § 4003, providing as follows:

"No sheriff, deputy sheriff or coroner shall be liable for any damages for neglecting or refusing to serve any civil process unless his legal fees and an indemnity bond, if he requires one, are first tendered to him."

Appellant argues that this section does not give the officer an absolute unqualified right to require of the judgment debtor an indemnifying bond in all cases, when requested to

serve an execution by levying upon personal property, but that the words, "if he requires one," as there used, only mean, if such a bond is required by law. That is, such bonds as are required by Rem. & Bal. Code, §§ 573 and 1888, relating to adverse claims by third parties to property levied upon. We cannot agree with this contention. These sections relate to claims made to property and to the rights and duties of the levying officer after he has levied upon the property and actually taken it into his possession. Section 4003 plainly gives him the unqualified right to require an indemnifying bond before he makes any levy, and frees him from all liability for damages arising from his refusal to make the levy, when he first requires an indemnifying bond and the same is not furnished to him. The word "requires," as used in § 4003, we think is equal to "demand." *Duhamel v. Port Angeles Stone Co.*, 59 Wash. 171, 109 Pac. 597, Ann. Cas. 1912 A. 1229.

Our attention is called to authorities in support of the view that, while an officer may demand indemnity previous to making a levy when there is some substantial reason therefor, he cannot capriciously refuse to make the levy unless indemnified. This seems to be the rule adopted by at least some of the American courts, in the absence of a governing statute. *Robey v. State, Use of Mallery*, 94 Md. 61, 50 Atl. 411, 89 Am. St. 405, and note at p. 413; 35 Cyc. 1757-1759. This view necessarily leaves the question of the reasonableness of the officer's demand for indemnity open to controversy in each particular case.

It is evident that the very purpose of our statute was to give to the officer the unqualified right to require indemnity in all cases of levy; at least in all cases of levy upon personal property which necessarily involves the actual taking possession of the property; and thus remove all cause for controversy over the question of the reasonableness of the officer's demand. The statute was evidently enacted in view of the fact that in all cases where an officer seizes property under

a process he is required to decide at his peril the question of the ownership of the property seized by him, and becomes liable in damages for the seizure of property not belonging to the defendant or judgment debtor whose property the process commands the seizure of. *Scott v. McGraw*, 3 Wash. 675, 29 Pac. 260. We are of the opinion that an officer has the unqualified right to require an indemnifying bond in all cases where he is requested to seize and take into his possession personal property under a process placed in his hands for service.

It will be noticed that § 4003 names only sheriffs, deputy sheriffs and coroners as being entitled to require indemnifying bonds, and that this proceeding is to compel a constable to serve a process. In view of the duties of sheriffs and constables being exactly the same in connection with the service of process issued from justice courts, we think that the words "sheriff, deputy sheriff or coroner," are used in a generic sense, and are intended to apply to all officers, charged by law with the duty of serving process requiring the seizure of property. It is inconceivable that the legislature intended to give the right to demand indemnity to one of this class of officers and not to others when charged by law with the performance of exactly the same duties.

The judgment is affirmed.

CROW, FULLERTON, and GOSE, JJ., concur.

CHADWICK, J. (concurring)—I am satisfied with the result of the decision of the majority, but I would prefer to rest the decision upon the broader ground that an officer may demand indemnity before making a levy, without reference to the statute. There are many cases holding that an officer is bound to serve process at his peril; and if we are to follow the statutes, it seems to me that the necessary implication of § 1888 of the code is that a constable cannot demand indemnity until a claim has been made by a third party.

Section 4003, which has been extended by construction, is a part of the Law of 1854, "An act to create and regulate the office of sheriff." I am unwilling to hold that the statute construed is broad enough to cover the right of a constable. While the rule that an officer must act at his peril, unless protected by statute, is adhered to by many courts, it is very doubtful whether it has, as is frequently suggested in the cases, the sanction of the common law. The contrary rule has been frequently laid down. In *Shriver v. Harbaugh*, 37 Pa. St. 399, it is said: "It is by common law that the sheriff has a right to indemnity before seizing goods on a *fieri facias*." In *Grace v. Mitchell*, 31 Wis. 533, 11 Am. Rep. 613, it is said: "The officer must therefore, in a proper case, and if he demands it, be indemnified by the plaintiff or other party in interest." The rule is generally laid down that, if there be reasonable grounds to doubt his authority, the officer is not obliged to serve process in civil cases at his own peril when the plaintiff is present and may take the responsibility upon himself. *Marsh v. Gold*, 2 Pick. 285; *Marshall v. Hosmer*, 4 Mass. 60; Shinn, Attachments, § 203.

Those cases holding that an officer is bound to serve at his peril are usually qualified by an admission that the officer may, if he has a reasonable or substantial doubt as to his right to levy, demand indemnity. While sustained by a great array of authority, this rule and its exception do not seem sound to me; at any rate it is abrogated in this state as to sheriffs and coroners, by statute § 4003. Whether the doubt is reasonable is a question for the jury, and must of necessity be determined after the levy has been refused, and generally in the light of subsequent events. What may appear to be reasonable to the officer might be rejected as unreasonable by the jury. If an execution defendant or a stranger can put the sheriff in position to demand indemnity by saying the property is exempt, or this property is mine, I see no reason for withholding a like protection in the first in-

stance, thus avoiding the very uncertain issue of what is a "reasonable" or "substantial" doubt.

To hold that a constable has a right to demand indemnity is in keeping with the rule laid down by this court in *Standley v. Marsh*, 1 Wash. 512, 20 Pac. 592, wherein it is said that "a promise will be implied in law from the creditor to the sheriff to hold the latter harmless of the natural results of obeying such directions." That case was decided without reference to the statute, and it would follow that an officer should have a right to insist that the liability of the execution plaintiff be sustained by proper surety and put upon surer ground than mere implication.